## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Elliott B. Weaver, Jr.

v.

Estate of Lucy Kendall Thompson

July 6, 1984

By JUDGE JOHN A. JAMISON

I have decided that a remittitur will be granted, eliminating the excess amount of the verdict for $200,000 to the amount sued for, $145,000.

The two main questions presented were, first: whether the Court erred in suppressing evidence regarding the fact and amount of worker's compensation received for a prior work-related injury. I have found that, since the Defendant was not precluded from presenting evidence proving his [the Plaintiff's] prior non-related injury occurring during the course of his employment, then whether or not to admit the fact or amount of the worker's compensation received would be a decision within the Court's considered discretion.

A Motion in Limine on this point was filed by counsel for the Defendant and argument was heard. There is no question in my mind that the jury in this case was able to separate in its consideration of the case the two distinct injuries suffered by the Plaintiff, one when he fell down the elevator shaft at work and the other when he was injured in the automobile accident giving rise to this suit. Code Section 8.01-35 states:

> In any suit for personal injury or death, provable damages for loss of income due to such injury or death shall not be diminished because

of reimbursement of income to the plaintiff or decedent from any other source, nor shall the fact of any such reimbursement be admitted into evidence.

It is true that the above quoted section may contemplate reimbursement for loss or injury sustained in the same accident. However, it seems to me that the Court should exclude such evidence on even stronger grounds where a separate, earlier injury resulted in worker's compensation payments.

In the case of *Burks* v. *Webb*, 199 Va. 296 (1972), the Court explained the reason for the rule as follows:

The basic reason for the rule is that a defendant, who by his negligence has injured another, owes to such other full compensation for the injuries inflicted by him, and the payment for those injuries from a collateral source, in no way relieves such defendant of his obligation.

In the absence of a statute or case exactly in point, my feeling is that this same principle enunciated in the statute and in *Burks, supra*, should prevent evidence of financial compensation flowing from a previous injury, for basically the same reasons.

The second question presented is as to what the Court should do when the amount of the verdict exceeds the amount sued for.

The first thing occurring to me is that the Plaintiff and his attorney, being fully informed of the nature and extent of the injury resulting from the automobile accident, are in the best position to judge the amount to be sued for and demanded in his Motion for Judgment. No criticism is intended toward either the Plaintiff or his attorney, but the *ad damnum* could have been increased between the dates of the filing of suit up to a reasonable time prior to trial. Actually, a figure of $145,000 would seem to me to have been a reasonable and honest evaluation of the case. Juries being as unpredictable as they are, no one would have predicted the verdict of $200,000. In fact, based on the evidence, if I had been trying the case without a jury, it is doubtful that I would have returned a verdict for as much as $145,000. Juries, when

acting within reason and in accordance with the evidence are frequently more generous than the Court sitting alone. Yet, it appears to me that considering the evidence adduced in this case that $200,000 was in fact excessive. The Plaintiff was gravely injured in his fall down the elevator shaft in his previous accident and it certainly appeared that his injuries in that accident were the larger significant cause of his present infirmities. On the other hand, the accident giving rise to this action was the result of gross negligence on the part of the Defendant. It was a jury question as to the proper amount of damages. Therefore, since the amount sued for was $145,000 and the verdict exceeded that amount by $55,000 and, further, since the amount of the verdict is certainly reasonable compensation for the Plaintiff, it appears only proper for me to reduce the verdict by way of remittitur to $145,000, even if I did not have the much stronger reason that it far exceeded the amount sued for.

Since it might be difficult for counsel to agree upon the proper form of an order and since this action is in law and not chancery and, further, following the usual custom in this circuit for the Clerk to enter the appropriate order, the Clerk is requested to enter an order overruling the Defendant's motions for a new trial of this cause and likewise overruling the Plaintiff's motion to set aside the verdict and for a new trial and also denying Plaintiff's post-verdict motion for leave to amend the *ad damnum* clause.